# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM SCOTT LAWRENCE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:17-cv-0956 |
| ) | Judge Aleta A. Trauger |
| TAMMY FORD, Warden ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Before the court is the respondent's Motion to Dismiss the Petition for Failure to Exhaust State Remedies ("Motion to Dismiss). (ECF No. 10), to which the petitioner has responded (ECF No. 11).[1] For the reasons set forth herein, the court will deny the respondent's Motion to Dismiss and stay the case pending the completion of the state court proceedings.

## Discussion

I. Background

On August 18, 2016, the petitioner was convicted in the Circuit Court of Wayne County pursuant to a plea agreement. The petitioner pleaded guilty to one count of criminal responsibility for aggravated arson, amended to arson, and one count of criminal responsibility for the manufacture of methamphetamine. (ECF No. 15-1 at Page ID# 78-83.)[2] The petitioner

---

[1] The petitioner filed a document styled "Motion for Petition for Writ of Habeas Corpus to not be Dismissed" (ECF No. 11.) Although called a "motion," this document is actually the petitioner's response to the respondent's Motion to Dismiss.

[2] The prosecutor dismissed *nolle prosequi* one count of criminal responsibility for reckless

was sentenced to an effective term of 10 years in prison. (*Id.*) There is no evidence to suggest that the petitioner filed a post-conviction petition or any other state court challenge to his plea or sentence.

The petitioner states that, on October 8, 2016, he received a copy of his TOMIS Offender Sentence Letter ("OSL") from the Tennessee Department of Corrections ("TDOC") and noticed that the letter did not accurately reflect his convictions. (ECF No. 1 at Page ID# 8-9.) Indeed, while the TOMIS OSL accurately reflects the petitioner's 10-year sentence and his conviction for initiation of process to manufacture methamphetamine, it reflects a conviction for arson of a place of worship, an offense to which the petitioner did not plead guilty. (*Id.*) Many months later, on May 11, 2017, the petitioner went before the parole board and was denied parole. (*Id.* at Page ID# 4.) The petitioner asserts that he was denied parole because the "parol[e] board did not have the correct charges." (*Id.*)

On June 11, 2017, the petitioner filed the instant habeas petition.[3] At the same time, the petitioner filed a petition for declaratory order with the TDOC in compliance with the Uniform Administrative Procedure Act ("UAPA").[4] (ECF No. 11 at PageID## 50-52.) On June 23, 2017, the TDOC denied the petition, explaining that it "is required to obey the judgment orders

---

endangerment.
[3] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The petitioner declares that he placed the petition in the prison mailing system on June 11, 2017. Accordingly, the petition shall be deemed filed as of that date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to prison officials).
[4] "Under the UAPA, an inmate must request a declaratory order from TDOC before filing a declaratory action in court. Tenn. Code Ann. § 4-5-225(b)." *Stewart v. Schofield*, 368 S.W.3d 457, 459 (Tenn. 2012); *see also id.* at 464 ("An inmate dissatisfied with TDOC's calculation of a release eligibility date may challenge the calculation, but the challenge must comply with the

as they are received from the court of jurisdiction, and we have. Any issue you may have with your judgment orders must be addressed with the court of jurisdiction." (*Id.* at PageI D# 48.) The TDOC went on to explain that "the judgment order that you provided shows the conviction offense[s]" are "arson" and "criminal responsibility for initiation of process to manufacture." (*Id.*)[5]

Since receiving the TDOC letter denying his petition for declaratory order, the petitioner has apparently been contacting District Attorney Beverly White, the Clerk of Court and a Circuit Court Judge in an attempt to exhaust his state remedies and to obtain assistance in having his TOMIS information accurately reflect his convictions. (ECF No. 11 at Page ID# 44-45.)

On October 25, 2017, the respondent filed an affidavit from DA White, in which she explains that there was an error in the original plea agreement because the convictions to which the petitioner pleaded did not support a 10-year sentence to be served at 30%, the sentence to which the petitioner agreed. (ECF No. 15-1 at Page ID# 76-77.) On October 21, 2016, DA White learned that an error had been made when she received a letter from the TDOC stating "conviction class is invalid for conviction offense." (*Id.*) According to DA White, arson is a class C felony rather than a Class B felony and, as such, the arson conviction did not support the petitioner's agreed-upon 10-year sentence. (*Id.*)[6] DA White stated that she and the petitioner's trial attorney attempted numerous times to bring the petitioner before the trial court to amend the

---

procedures of the UAPA." (citations omitted)).
[5] There is nothing in the TDOC letter to explain why the petitioner's TOMIS OSL reflects a conviction for "arson-place of worship." (ECF No. 1 at Page ID# 8.) While this may be of no moment, there is nothing unreasonable about the petitioner's concern that this conviction, to which he did not plead guilty, might influence a parole board in ways that a straight arson conviction might not.
[6] Notably, arson of a place of worship is a Class B felony, TCA § 39-14-301, which suggests the

judgment so that the convictions would match the sentence but that the petitioner was, apparently, quite reluctant to do so. (*Id.*)[7] DA White notes that the petitioner was scheduled to appear in state court on November 9, 2017. As such, this action may still be before the state court.

## II. Failure to exhaust available state-court remedies

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.[8] Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

---

reason the TDOC noted "arson-place of worship" on the petitioner's TOMIS OSL.

[7] DA White notes that "we corrected the judgment to be in line with the actual plea." (ECF No. 15-1 at Page ID# 77). However, after comparing the "corrected" judgment to the "original" judgment, the court notes that the two are indistinguishable, save the error in the corrected judgment, which reflects that the petitioner was convicted of violating TCA § 39-**41**-301 arson. The arson statute is actually TCA § 39-14-301, as reflected in the original judgment. (*Compare* ECF No. 15-1 at Page ID # 85 to Page ID # 92 (emphasis supplied).)

[8] In Tennessee, review by the state Supreme Court is not required for exhaustion. Instead, "once the Court of Criminal Appeals has denied a claim of error, 'the litigant shall be deemed to have exhausted all available state remedies available for that claim.'" *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. S. Ct. R. 39).

Because the petitioner appears to have an action in the state court related to the issues regarding his judgment of conviction, it may be that petitioner has failed to exhaust his claims. However, although the parties do not address this issue, in addition to determining whether the petition is exhausted, the court may *sua sponte* consider whether the petition is time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006).

Because the parties have not addressed the statute of limitations issue, the court cannot, and does not at this point, determine when petitioner's statute of limitations began to run. However, in an abundance of caution, rather than dismiss the petition and potentially bar future federal habeas review of the petitioner's claims, the court will deny the respondent's Motion to Dismiss (ECF No. 10) and stay the petition pending exhaustion of state-court remedies. The petitioner's "Motion for Petition for Writ of Habeas Corpus to not be Dismissed," which the court has construed as a response to the respondent's Motion to Dismiss, will be denied as moot. (ECF No. 10.) The Clerk will be directed to administratively close the case.

Additionally, the respondent will be ordered to notify the court in writing within 30 days after any pending state court proceedings have concluded. The court cautions the petitioner that, if he does not move to reopen this matter in a timely fashion once his state court proceedings have concluded, he may be barred from obtaining federal habeas review of his claims.

Because this case will be stayed and administratively closed, the petitioner's Motion for a Hearing (ECF No. 13) and his Motion to Appoint Counsel (ECF No. 14) will be denied without prejudice to the petitioner's re-filing these motions at a later date.

An appropriate order is filed herewith.

ENTER this 24th day of January 2018.

_____
ALETA A. TRAUGER
US DISTRICT JUDGE